IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROB & BUD'S PIZZA, LLC                                                    PLAINTIFF

V.                         CASE NO. 5:15-CV-5090

PAPA MURPHY'S INTERNATIONAL, INC.; and
PAPA MURPHY'S INTERNATIONAL, LLC                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendants' Motion to Transfer Venue (Doc. 6) and Memorandum in Support (Doc. 7), Plaintiff's Response in Opposition (Doc. 11), Defendants' Reply (Doc. 13), and Plaintiff's Sur-Reply (Doc. 19). Also currently before the Court are Plaintiff's Motion to Disqualify Robert L. Zisk (Doc. 15) and Motion to Disqualify Michael R. Gray (Doc. 21), and Defendants' Response in Opposition (Doc. 24). The Court heard oral argument on these Motions during a case management hearing that was held on June 18, 2015. During that hearing, the Court **DENIED** Plaintiff's Motions as premature and took Defendants' Motion under advisement. The Court now rules that Defendants' Motion is also **DENIED**. This Opinion and Order explains the basis for these rulings. To the extent anything in this Order differs from what the Court stated from the bench, this Order will control.

### I. BACKGROUND

Plaintiff Rob & Bud's Pizza ("R&B") is a franchisee with Defendants[1] (collectively, "Papa Murphy's"), and it owns and operates multiple Papa Murphy's Take 'n' Bake Pizza

---

[1] The Court recognizes that Defendants have raised the affirmative defense "that all claims against Defendant Papa Murphy's International, Inc. are invalid because [it] is no

1

restaurants in Bentonville, Rogers, Springdale, Fayetteville, Van Buren, and Fort Smith, Arkansas, as well as in Missouri and Kansas. On April 24, 2014, R&B filed a complaint (along with many other Papa Murphy's franchisees) against Papa Murphy's (along with many various other Papa Murphy's subsidiaries, holding companies, officers, and directors) in the Superior Court of the State of Washington ("the Washington litigation"). The plaintiffs in the Washington litigation alleged eleven causes of action against the defendants, essentially claiming that the defendants induced them to purchase Papa Murphy's franchises through various fraudulent and deceptive misrepresentations and omissions.

While the Washington litigation was ongoing, R&B initiated the instant lawsuit on April 17, 2015, by filing its original Complaint (Doc. 3) in the Circuit Court of Benton County, Arkansas, seeking a declaratory judgment and permanent injunction. In that Complaint, R&B alleged that Papa Murphy's was unlawfully attempting to terminate R&B's franchise agreement in retaliation for R&B's refusal to accede to Papa Murphy's settlement demands in the Washington litigation. Papa Murphy's removed the Benton County case to this Court on April 23, 2015, (Doc. 1), and one week later filed their Motion to Transfer Venue to the Western District of Washington. On May 14, 2015, Papa Murphy's was granted leave in the Washington litigation to file a counterclaim there against R&B concerning some of the same issues presented in the instant case. (Doc. 13-4). Also on May 14, 2015, R&B added a claim of tortious business interference in the instant action through its First Amended Complaint (Doc. 9), in response to which Papa

---

longer in existence." (Doc. 18, § VI, ¶ 14). Although for simplicity's sake the Court refers to "Defendants" collectively in this Order, the Court makes no finding at this time as to the validity of any claims against Defendant Papa Murphy's International, Inc.

Murphy's filed their Answer (Doc. 18) on May 28, 2015. On May 21, 2015, and June 2, 2015, R&B filed Motions to Disqualify Papa Murphy's attorneys Robert L. Zisk and Michael R. Gray, respectively—both of whom had been admitted by this Court to appear *pro hac vice* in this case. Papa Murphy's Motion to Transfer Venue and R&B's Motions to Disqualify are all now ripe for consideration.

## II. DISCUSSION

### A. PAPA MURPHY'S MOTION TO TRANSFER VENUE

#### 1. Enforceability of the Forum Selection Clauses

Papa Murphy's contends that its franchise agreements with R&B all contain valid, enforceable, and mandatory forum selection clauses that require all litigation between the parties to occur in courts located in Clark County, Washington. Although the Eighth Circuit appears not to have resolved the matter, *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006), this Court believes that the question of whether a forum selection clause is enforceable is a procedural question and therefore one that is governed by federal rather than state law, *Bright Harvest Sweet Potato Co., Inc. v. H.J. Heinz Co., L.P.*, 2013 WL 2458685 at *2 (W.D. Ark. June 6, 2013). *See also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Under federal law, "[f]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999). However, "consideration of the public policy of the forum state must be part of that analysis." *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 974 (8th Cir. 2012).

3

In the instant case, the public policy of Arkansas (the forum in which this suit was brought) strongly weighs against enforcing the forum selection clause. The Arkansas Procedural Fairness for Restaurant Franchisees Act ("APFRFA") states that "a party to a restaurant franchise may commence a civil action . . . in Arkansas if either party to the restaurant franchise is a resident of Arkansas," Ark. Code Ann. § 4-72-602, and states furthermore that "[n]either a franchisee nor a franchisor shall be deprived of the application and benefits of this subchapter by a provision of a franchise purporting to designate the law of another jurisdiction as governing or interpreting the franchise, or to designate a venue outside of Arkansas for the resolution of disputes." Ark. Code Ann. § 4-72-603(c). Therefore, under Arkansas public policy, the forum selection clauses at issue should not be enforceable unless (1) neither R&B nor Papa Murphy's is a resident of Arkansas within the meaning of the APFRFA; or (2) R&B and Papa Murphy's are not parties to a restaurant franchise within the meaning of the APFRFA.

The Arkansas Supreme Court has acknowledged that "a foreign corporation may so establish its business within the state in conformity with local laws as to justify treatment of the corporation as a 'resident' for certain purposes, depending on the context of the statute in which the term is used and the purpose and object to be obtained." *Douglass v. Levi Strauss & Co.*, 315 Ark. 380, 382 (1993) (quoting 17 W. Fletcher, *Cyclopedia of the Law of Private Corporations*, § 8300 (Perm. Ed. 1987)). Although the APFRFA does not explicitly define "resident," it does say that "[t]his subchapter applies to a restaurant franchise operated in whole or in part in Arkansas and to the parties to the restaurant franchise." R&B and Papa Murphy's agree that R&B operates restaurants in

Arkansas pursuant to their franchise agreement. *See* Doc. 9, ¶ 1; Doc. 18, ¶ 1. Therefore, the Court finds that R&B is a resident of Arkansas within the meaning of the APFRFA.

> The APFRFA *does* explicitly define "restaurant franchise" as:
>
> a contract or agreement . . . between two (2) or more persons, by which
>
> (A) A franchisee is granted the right to engage in the business of offering, selling, or distributing *food or beverages intended or suitable for immediate consumption on or off the premises of the franchisee* under a marketing plan or system prescribed in substantial part by a franchisor; and
>
> (B) Operation of the franchisee's business pursuant to that plan or system is substantially associated with the franchisor's trademark, service mark, trade name, logotype, advertising, or other commercial symbol designating the franchisor or its affiliate; and
>
> (C) The franchisee pays or is required to pay, directly or indirectly, a franchise fee.

Ark. Code Ann. § 4-72-601(3) (emphasis added). Papa Murphy's argues that its agreement with R&B is not a restaurant franchise within the meaning of the APFRFA because R&B sells "take-and-bake pizzas that are not baked on premises and that are specifically intended for the customer to bake at home." (Doc. 13, p. 2). However, R&B counters that although it is true that R&B sells pizzas that are not intended or suitable for immediate consumption, R&B also sells salads and soft drinks that *are* intended and suitable for immediate consumption on or off the premises. The Court is not aware of any cases interpreting the APFRFA's definition of "restaurant franchise." However, the selling or distributing of salads and soft drinks that are intended or suitable for immediate consumption on or off the premises of the franchises appears to come within the plain language of Ark. Code Ann. § 4-72-601(3)(A).

5

During oral argument on June 18, 2015, counsel for Papa Murphy's made the point that if the distribution of immediately-consumable salads or soft drinks are sufficient to qualify an agreement as a "restaurant franchise" within the meaning of the APFRFA (provided, of course, that the other statutory prongs are also met), then many gas station franchises may also be considered "restaurant franchises" under the APFRFA—an implication that Papa Murphy's argues would defy common sense. The Court notes, however, that although the status of a soft-drink-distributing gas station under the APFRFA is an odd and interesting question, it is not a question that is currently before this Court. As the Arkansas Supreme Court has explained:

> The cardinal rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. When the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no need to resort to rules of statutory interpretation. In other words, when the language of the statute is not ambiguous, the analysis need not go further and we will not search for legislative intent; rather, the intent is gathered from the plain meaning of the language used.

*McMillan v. Live Nation Entm't, Inc.*, 2012 Ark. 166, at *4. This Court has no choice but to conclude that the APFRFA means what it says, and has little difficulty concluding that regardless of whether a gas station may fall within the plain meaning of the word "restaurant" as that word is used in the APFRFA, a take-and-bake pizza place that also serves salads and soft drinks that are available for immediate consumption does.

Similarly, the Court is unpersuaded by Papa Murphy's point that R&B's franchises are qualified to accept Electronic Benefits Transfer ("EBT") payments under the Supplemental Nutrition Assistance Program ("SNAP") because their pizzas are not available for immediate consumption. *See* Doc. 13, pp. 2-3 & n.1; Doc. 27, pp. 33-34. The Secretary of Agriculture has promulgated regulations pursuant to 7 U.S.C. § 2018,

6

governing the authorization of retail food stores for participation in SNAP. In so doing, the Secretary of Agriculture has determined that "restaurants, that is, firms that have more than 50 percent of their total gross retail sales in hot and/or cold prepared foods not intended for home preparation and consumption, shall not qualify as retail food stores" for purposes of SNAP participation. 7 C.F.R. § 278.1(b)(1)(iv). But this Court is called upon to interpret the applicability of APFRFA to this case—not R&B's eligibility for SNAP participation. For better or worse, the Arkansas legislature has chosen to use a broader definition of "restaurant" in the APFRFA than the Department of Agriculture chose to use in its SNAP regulations. Therefore, the Court finds for purposes of the instant Motion that R&B and Papa Murphy's are parties to a restaurant franchise within the meaning of the APFRFA. Arkansas public policy clearly and strongly weighs against enforcement of the forum selection clauses at issue, and accordingly this Court finds them unenforceable.

## 2. Appropriateness of Transferring Venue

When evaluating a motion for transfer of venue under 28 U.S.C. § 1404(a) in the absence of a controlling forum-selection clause, the Court must consider both the convenience of the parties and the public interest. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Texas*, 134 S. Ct. 568, 581 & n.6 (2013). The factors concerning convenience to the parties include:

> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The public interest factors include:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id.* (internal quotation marks omitted).

The Court has already discussed, in the preceding subsection of this Order, the state of Arkansas's strong public interest in having cases such as this one heard within Arkansas. But in addition to the policy preference expressed through APFRFA, the Court finds that the factors concerning convenience to the parties also weigh in favor of denying a transfer of venue here. The First Amended Complaint alleges events that occurred on premises located in Arkansas, and potential witnesses to these events likely live here. Most of R&B's restaurants are located in this judicial district. Rob Dickerson, a member of R&B who is central to the facts of this case, lives much closer to this venue than to the venue sought by Defendants.

Papa Murphy's argues *inter alia* that the Court should transfer this case to the Western District of Washington in order to avoid duplicative or redundant litigation of claims, since the claims and defenses at issue in the instant case are related to Papa Murphy's counterclaims in the (state court) Washington litigation. However, this argument is unavailing because transferring the instant case to the Western District of Washington would not eliminate any duplicative litigation; it would simply move the purportedly duplicative litigation from one federal venue to another. Papa Murphy's effectively conceded as much during oral argument when its counsel acknowledged that after the Court rules on the instant Motion, Papa Murphy's intends to file—in whichever federal

venue this case is ultimately heard—a motion for abstention pending the resolution of some or all of the Washington litigation claims.

After weighing the above factors, the Court finds that the Western District of Washington would not be a more convenient forum than the Western District of Arkansas. Therefore Papa Murphy's Motion to Transfer Venue is **DENIED**.

### B. R&B'S MOTIONS TO DISQUALIFY

Motions to disqualify opposing counsel are subjected to "particularly strict scrutiny" because "the potential for abuse by opposing counsel is high." *Droste v. Julien*, 477 F.3d 1030, 1035 (8th Cir. 2007). "Disqualification . . . is a drastic measure that should only be imposed when it is clearly required by the circumstances." *Wal-Mart Stores, Inc. v. Vidalakis*, 2007 WL 4468688, at *1 (W.D. Ark. Dec. 17, 2007). In its Motions, R&B cites Arkansas Rule of Professional Conduct 3.7, which states that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." The Arkansas Supreme Court has held that in order for an attorney to be a necessary witness at trial within the meaning of Rule 3.7, each of the following three prongs must be met: (1) the attorney's testimony is material to the determination of the issues being litigated; (2) the evidence is unobtainable elsewhere; and (3) the testimony is or may be prejudicial to the testifying attorney's client. *Weigel v. Farmers Ins. Co., Inc.*, 356 Ark. 617, 625 (2004). R&B has not presented this Court with information from which one could reasonably conclude at this time that any of these prongs are met. Therefore, R&B's Motions are **DENIED** as premature, without

prejudice to R&B's right to file a similar motion at some later point if Counsel for R&B believes in good faith that a sufficient record has been developed to support such a motion.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Transfer Venue (Doc. 6), Plaintiff's Motion to Disqualify Robert L. Zisk (Doc. 15), and Plaintiff's Motion to Disqualify Michael R. Gray (Doc. 21) are **DENIED**.

**IT IS SO ORDERED** on this __24th__ day of June, 2015.

/s/ T.L.B.
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE