IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**ROB & BUD'S PIZZA, LLC**                                                **PLAINTIFF**

**V.**                        **CASE NO. 5:15-CV-5090**

**PAPA MURPHY'S INTERNATIONAL, INC. and**
**PAPA MURPHY'S INTERNATIONAL, LLC**                      **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court are Defendants Papa Murphy's International, Inc.'s and Papa Murphy's International, LLC's (collectively, "PMI") Motion for a Stay of the Proceedings (Doc. 32) and Memorandum of Law in Support (Doc. 37), Plaintiff Rob & Bud's Pizza, LLC's ("R&B") Response in Opposition (Doc. 34), PMI's Reply (Doc. 38), and R&B's Sur-reply (Doc. 39). For the reasons given below, PMI's Motion is **DENIED**.

As this Court previously recounted in its Order of June 24, 2015, R&B is a franchisee with PMI, "and it owns and operates multiple Papa Murphy's Take 'n' Bake Pizza restaurants in Bentonville, Rogers, Springdale, Fayetteville, Van Buren, and Fort Smith, Arkansas, as well as in Missouri and Kansas." (Doc. 28, pp. 1 – 2). R&B, along with many other Papa Murphy's franchisees, is a plaintiff in a lawsuit that was filed on April 24, 2014 in the Superior Court of the State of Washington against PMI and various other related defendants, essentially alleging that the defendants in that case "induced them to purchase Papa Murphy's franchises through various fraudulent and deceptive misrepresentations and omissions." *Id.* at 2.

On April 17, 2015, R&B filed the instant separate lawsuit against PMI in Benton County; a week later, PMI removed it to this Court. R&B's Benton-County Complaint

1

"alleged that Papa Murphy's was unlawfully attempting to terminate R&B's franchise agreement in retaliation for R&B's refusal to accede to Papa Murphy's settlement demands in the Washington litigation." *Id.* On May 14, 2015, PMI was granted leave in the Washington lawsuit to file counterclaims against R&B involving some of the same issues and facts presented in R&B's Benton-County Complaint. On that same day, R&B filed its First Amended Complaint (Doc. 9) in the instant lawsuit, which added a claim of tortious interference against PMI, alleging that a PMI Market Coordinator came to R&B locations in this district and intentionally interfered with R&B's business expectancies with its employees and customers by disparaging R&B in front of them and disrupting R&B's operations. Then, on July 31, 2015, R&B filed a Second Amended Complaint (Doc. 33), in which it added a claim against PMI for negligence, alleging that PMI caused R&B's database of local customers who elected to become members in R&B's direct texting program to be almost entirely destroyed.

PMI filed its Motion for a Stay of the Proceedings (Doc. 32) on that same day. In its Motion, PMI "requests that this Court abstain from exercising its jurisdiction during the pendency of the Washington state court litigation." (Doc. 32, p. 1). R&B, of course, opposes PMI's Motion, which is now fully briefed and ripe for decision.

PMI offers two alternative theories under which it contends this Court should abstain from exercising its jurisdiction. The first is what is known as "*Brillhart* abstention," or sometimes as "*Brillhart/Wilton* abstention," named after the United States Supreme Court cases of *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942), and *Wilton v. Seven Falls Company*, 515 U.S. 277 (1995). The second is known as

2

"*Colorado River* abstention," which takes its name after the Supreme Court case of *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

The *Brillhart* line of cases provides federal district courts "broad discretion" to abstain from exercising jurisdiction over actions for declaratory relief under certain conditions. *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792 – 93 (8th Cir. 2008). However, in the Eighth Circuit, while "*Brillhart* applies to declaratory judgment actions generally," it does *not* apply "to actions that . . . involve good faith claims for injunctive relief." *Cedar Rapids Cellular Tel., L.P. v. Miller*, 280 F.3d 874, 879 (8th Cir. 2002) (citing *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000)). The Eighth Circuit has further explained that "a 'good faith' injunction is one that is not frivolous or made solely to avoid application of *Wilton* and *Brillhart*." *Royal Indem. Co.*, 511 F.3d at 795 n.3. There is no basis in the record at this time for any inference that R&B's claim for injunctive relief is frivolous or made solely to avoid application of *Wilton* and *Brillhart*. Indeed, PMI appears to be requesting injunctive relief of its own through its counterclaims in the Washington litigation. *See, e.g.*, Doc. 32-1, p. 214. Therefore, this Court lacks discretion to abstain under *Brillhart*.[1]

The Court turns, then, to the matter of *Colorado River* abstention. A federal court may abstain under the *Colorado River* doctrine "*only* when parallel state and federal

---

[1] It should be noted that in this Court's view, the rule announced in *Cedar Rapids* is flatly inconsistent with the Eighth Circuit's earlier case of *Horne v. Firemen's Retirement System of St. Louis*, which instructs courts to determine whether "the essence of [a] suit is one for declaratory judgment"—regardless of whether injunctive relief is being sought— by looking to whether an "actual" wrong or loss is alleged to have occurred. 69 F.3d 233, 236 (8th Cir. 1995). However, the *Royal Indemnity* panel was aware of both *Horne* and *Cedar Rapids*, and harmonized the two by reasoning that *Cedar Rapids* controls when injunctive relief is being sought, and that *Horne* controls otherwise. *See* 511 F.3d at 794 – 95.

3

actions exist *and* exceptional circumstances warrant abstention." *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009) (emphasis added). With regard to the requirement of parallelism:

> The pendency of a state claim based on the same general facts or subject matter as a federal claim and involving the same parties is not alone sufficient. Rather, a substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will *fully dispose of the claims presented in the federal court*. This analysis focuses on matters as they currently exist, not as they could be modified. Moreover, in keeping with the Supreme Court's charge to abstain in limited instances only, jurisdiction must be exercised *if there is any doubt* as to the parallel nature of the state and federal proceedings.

*Id.* at 535 (citations omitted, emphasis added). As the cases are currently postured, the Court has significant doubts as to whether there is a substantial likelihood that the state-court proceeding will fully dispose of any of the instant federal-court claims.

So far as the Court is aware, R&B has not asserted any of its federal-court claims against PMI in the state-court litigation. And even if each of PMI's state-court counterclaims against R&B are resolved on their merits, it currently strikes the Court as very unlikely that such resolution—regardless of whether in favor of PMI or R&B—would dispose of the following issues on which R&B's federal-court claims may well turn: (1) the scope or enforceability of the non-compete agreement between PMI and R&B (implicated by R&B's claim for declaratory judgment); (2) whether R&B has a legitimate business expectancy with its employees or customers extending beyond its franchise relationship with PMI (implicated by R&B's claims of tortious business interference and for injunctive relief); and (3) whether PMI had a duty of reasonable care with regard to R&B arising from outside any contracts between the parties (implicated by R&B's claim of negligence).

4

The Court does not intend for this list of non-parallel issues to be taken as exhaustive, nor does the Court mean to create any law of the case or otherwise signal an inclination to rule in any particular way on the issues identified in this list. Perhaps it might even be appropriate to revisit the issue of abstention at some later point, depending on how the parties' claims and legal theories in both cases evolve (or are clarified) over time.[2] The Court means simply to say that at least for now, it has substantial doubt as to whether the state and federal proceedings are parallel, and therefore will **DENY** PMI's Motion for a Stay of the Proceedings (Doc. 32).

**IT IS SO ORDERED** on this 12th day of January, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[2] The Court is aware of the apparent conflict in Eighth Circuit authority as to whether, for purposes of abstention, cases must be parallel at the time the federal case was filed, see Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 996 (8th Cir. 2005), or at the time abstention is being considered, see Royal Indem. Co., 511 F.3d at 796. This Court employed the latter rule in ruling on the instant Motion, and will continue to do so in this case for four principal reasons. First, Royal Indemnity is a more recent decision than Scottsdale. Second, two of the three judges on the Fru-Con panel favored the Royal Indemnity approach—albeit in concurring and dissenting opinions. See 574 F.3d at 540-43 (Bye, J., concurring and Shepherd, J., dissenting). Third, this Court finds the reasoning on this issue in Judge Shepherd's Fru-Con dissent very persuasive. Id. And fourth, Chief Judge Holmes has taken the Royal Indemnity approach in a prior unpublished opinion from this same district. See United Fin. Cas. Co. v. Shelton, 2013 WL 771827, at *5 (W.D. Ark. Feb. 28, 2013).